ORIGINAL

(See signature page for list of counsel
representing each party)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL FILE NO. 01-1787 RHK/JMM

| | |
|---|---|
| CHEMREX, INC.<br><br>Plaintiff,<br><br>vs.<br><br>LYMTAL INTERNATIONAL, INC. and<br>LINDLEY LABORATORIES, INC.,<br><br>Defendants. | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

**WHEREAS**, the parties recognize that, pursuant to discovery or otherwise during the course of this action, each party, as well as non-parties, may be required to disclose trade secrets or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS**, the parties have, through counsel, stipulated to entry of this Confidentiality Stipulation and Protective Order ("Order") pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information,

**IT IS HEREBY STIPULATED AND ORDERED** that the following provisions of this Order shall control the disclosure, dissemination, and use of information in this action:

1. This Order governs the handling of all documents, records, tangible materials, testimony, responses to discovery, and other information produced, served, disclosed, or filed, whether voluntarily or through discovery or other proceedings. All documents and things produced by one party to the other in this action shall also bear identifying numbers.

FILED SEP 6 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

2. The term "Confidential Information," as used in this Order, includes all information that a designating party reasonably and in good faith believes constitutes or discloses trade secrets or other confidential research, development, marketing, technical, financial, personal, or commercial information that the designating party has maintained in confidence or is under an obligation to maintain in confidence. Confidential Information may be contained in discovery produced or obtained in this action. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, summaries, analyses, or other writings that contain, reflect, reveal, suggest, or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

3. Any information, including, but not limited to, Confidential Information shall be disclosed, disseminated, and used only for the limited purpose of preparing for and conducting this action and not for any business, commercial, scientific, competitive, or any other purpose whatsoever.

4. Confidential Information shall be identified by the producing party or non-party by the designation "Confidential," "Confidential: Subject to Protective Order," or by a similar designation. Where such designation is made by stamping or similar means (including by oral designation transcribed or recorded), it shall be made by placing notice on the document, information, response to discovery, deposition, or court transcript or record, information or document stored on diskette or otherwise in computer usable form, or tangible thing or object, in such a manner as will not interfere with the legibility or accessibility of the Confidential Information. Information so designated shall be subject to the disclosure restrictions of this Order.

5. In the case of depositions, designation of the portion(s) of the transcript (including exhibits thereto) containing Confidential Information shall be made by a statement to such effect on the record at any time before the deposition is concluded or by a statement in writing sent to all counsel within seven (7) business days after receipt of the transcript. If the designation is made

during a deposition, only persons to whom disclosure of Confidential Information is permitted shall remain present while that Confidential Information is being used or discussed. The reporter shall bind the transcript in separate portions containing the non-confidential information and Confidential Information. No copy of any transcript (or exhibits thereto) of any deposition taken by a party that is designated in whole or in part as Confidential Information shall be prepared or furnished by the reporter to any person other than to counsel for the parties. The parties may modify this procedure for any particular deposition through agreement on the record of such deposition, without further order of this Court.

6. The parties recognize that during the course of this action, there may be produced Confidential Information originating from a non-party to which there exists an obligation of confidentiality. Information originating with a non-party that a designating party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as "Confidential" and shall be subject to the restrictions on disclosure specified in this Order.

7. The following categories of information should not be designated as "Confidential:"

(a) Any information that at the time of its disclosure in this action is part of the public domain by reason of prior publication or otherwise; and

(b) Any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no act, omission, or fault of the receiving party.

8. In the event any party or non-party discovers, after it has produced information, that it has inadvertently produced Confidential Information that has not been designated "Confidential," the producing party may, within twenty (20) days of the discovery of such inadvertent production, designate the information as "Confidential" by a subsequent notice in writing specifically identifying the information and furnishing the correct designation, in which event the parties shall

henceforth treat such information as provided in this Order, and shall undertake a best effort to retrieve any disclosure, dissemination, or use of such information prior to redesignation.

9. Until or unless the Court rules that anything designated as Confidential Information is not confidential or should be disclosed beyond the limits permitted by this Order, Confidential Information shall be disclosed only to the following persons:

(a) To this Court and its staff;

(b) To court reporters and their staff in performance of their duties connected to this action;

(c) To any particular person when the designating party agrees in writing;

(d) To outside counsel for the respective parties who are counsel of record in this action including those that are signatories to this document, including their clerical, litigation support, and paralegal employees;

(e) To expert consultants retained by counsel to assist in the preparation toward trial or trial of this action, including such experts' support staff normally employed by such experts in the course of their activities; provided, however, that:

(1) Such expert is not currently an employee of a party;

(2) Counsel desiring to disclose Confidential Information to such an expert shall first obtain a signed Confidentiality Agreement in the form of Attachment A hereto; and

(3) Confidential Information shall not be disclosed to such an expert for a period of ten (10) days after service on the designating party of a copy of the signed Confidentiality Agreement, along with the expert's curriculum vitae. If the designating party objects in writing to the disclosure of Confidential Information to such expert within ten (10) days after service of the signed Confidentiality Agreement and curriculum vitae, and the objecting party moves within thirty (30) days of such objection to disqualify the identified

expert, no disclosure shall be made to that expert without prior written approval of the Court or the designating party. The objecting party shall have the burden of establishing the need for excluding such expert from access to the Confidential Information.

(f) To translators of foreign language documents who are not employed by one of the parties and who are retained to provide translations of any Confidential Information requested by counsel for one of the parties, provided that the party first obtains a signed Confidentiality Agreement in the form of Attachment A hereto from each translator.

(g) To outside copy services whose functions require them to have access to Confidential Information.

10. Written material constituting or revealing Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "Confidential: Filed Under Seal Pursuant to Protective Order" and a statement substantially in the following form:

> This envelope contains documents filed in this case by [name of party] and is not to be opened, nor the contents thereof to be displayed nor revealed, except (1) by written agreement of the parties; or (2) by order of this Court. This paragraph shall not prevent a second copy of any such pleading or other document specifically intended for review by the Court from being hand delivered to chambers to assure prompt attention thereto, so long as reasonable safeguards are observed to maintain the confidentiality of the documents.

In lieu of filing under seal, the parties may, where practical, agree upon the redaction of confidential portions of documents or testimony a party desires to file with the Court.

11. The Clerk of this Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to paragraph 10 or any other provision hereof.

12. No Confidential Information shall be made part of a public record, except upon prior approval of the Court.

13. If a party receiving any Confidential Information objects to the designation of "Confidential," such party shall first make its objection known to the designating party and request any change of designation that is desired. The parties will attempt to resolve any challenge in good faith on an expedient and informal basis. The designating party may, at any time, withdraw the designation of any Confidential Information by that designating party. Should counsel find they are unable to resolve the designation issue, they shall jointly call the Court to schedule a time for an office conference or telephone conference call to review the matter. The designating party shall have the burden of showing good cause as to why a "Confidential" designation under this Order should not be changed or removed. The information in issue shall continue to be treated as designated until the Court orders otherwise.

14. This Order shall be without prejudice to the right of either party to oppose production of any document or information for any reason other than confidentiality. This Order may be changed by further order of the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

15. In the event that any non-party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered Confidential Information by such non-party, such non-party may elect to be bound by the terms of this Order by notifying counsel for all parties in writing. Upon service of such notice, such non-party may designate documents and information as "Confidential Information" in the manner set forth in this Order, and such non-party's Confidential Information shall be treated in the same manner as the Confidential Information of a party to this action. In the event that a non-party who has elected to be governed by this Order

is subpoenaed by this Court or another court, such court shall have jurisdiction to entertain and decide any motion regarding such non-party brought pursuant to this Order, or otherwise enforce the provisions of this Order regarding such non-party.

16. Within sixty (60) days upon final termination of this action, each party or non-party or other person subject to the terms of this Order, with the exception of the Clerk of the Court, shall be under obligation to return or destroy all material designated as "Confidential" under this Order and all copies thereof; provided, however, that the parties' outside counsel may retain pleadings filed in court, deposition and court transcripts or recordings, and any privileged communications or attorney work product containing Confidential Information, subject to the provisions of this Order.

17. This Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

18. Each party or person bound by this Order shall be entitled to move for modification of this Order for good cause after notice to the other party, such as: (a) applying to the Court for relief therefrom or to permit access to additional persons or categories of persons; (b) applying to the Court for further or additional protective orders; or (c) agreeing between the parties to modify this Order, subject to approval of the Court. Prior to any such motion for modification, counsel shall attempt to reach agreement without resort to the Court.

19. Production or disclosure of Confidential Information under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that Confidential Information in other contexts.

DATED this 14th day of May, 2002.

Alan G. Carlson (14801)
Jeffer Ali (247947)
MERCHANT & GOULD
80 South Eighth Street
Suite 3200
Minneapolis, MN 55402
(612) 332-5300

Katherine W. Schill

Michael E. Husmann
Dyann L. Kostello
Katherine W. Schill
MICHAEL BEST & FRIEDRICH LLP
100 E. Wisconsin Avenue
Suite 3300
Milwaukee, Wisconsin 53202-4108
(414) 271-6560

Attorneys for Plaintiff

Aaron F. Biber (Minn. Bar No. 189376)
Stephen H. Parsons (Minn. Bar No. 84219)
MANSFIELD TANICK & COHEN, P.A.
1560 International Centre
900 Second Avenue South
Minneapolis, MN 55402
(612) 339-4295
fax: (612) 339-3161

James L. Lester
Gilbert J. Andia, Jr.
MACCORD MASON PLLC
1600 First Union Tower
300 N. Greene St.
P.O. Box 2974
Greensboro, N.C. 27402
(336) 273-4422
fax (336) 271-2830

Attorneys for Defendant

**ORDER**

Based upon the foregoing Stipulation, and good cause having been shown,

**IT IS APPROVED AND SO ORDERED** this 6th day of September, 2002.

**BY THE COURT:**

Hon. Arthur J. Boylan
United States Magistrate Judge

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL FILE NO. 01-1787 RHK/JMM

| | |
|---|---|
| CHEMREX, INC.<br><br>Plaintiff,<br><br>vs.<br><br>LYMTAL INTERNATIONAL, INC. and LINDLEY LABORATORIES, INC.,<br><br>Defendants. | **CONFIDENTIAL AGREEMENT BY EXPERT** |

I, __________________, being first duly sworn on oath, depose and say: that I reside at __________________________; that I am employed by __________________ in the capacity of ______________________; that I have read a copy of the Protective Order entered in this case on ________________, 2002; that I recognize that during my participation in this case, I may have occasion to read or hear matters that are designated "Confidential;" that I agree not to disclose any such confidential matter to any person not entitled to receive disclosure of the same under the provisions of such Protective Order; that I agree to use any such confidential matter solely for the purposes appropriate to my participation in this case; and that I agree to abide by said Protective Order in every respect.

By: ________________________________
[Printed name]

SUBSCRIBED AND SWORN to before me this ___ day of _______________, 200__.

________________________________________
NOTARY PUBLIC in and for the state of _______
My commission expires: ____________________

C:\WINDOWS\TEMP\46506

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01